PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

**FILED**
United States Court of Appeals
Tenth Circuit

APR 2 6 1995

**PATRICK FISHER**
Clerk

| | |
|---|---|
| NAM QUOC NGUYEN,<br><br>    Petitioner,<br><br>vs.<br><br>IMMIGRATION AND NATURALIZATION SERVICE,<br><br>    Respondent. | No. 94-9517 |

APPEAL FROM THE BOARD OF IMMIGRATION APPEALS
BIA NO. A71-017-734

Curtis L. Heidtke, Boulder, Colorado, for Petitioner.

Alexander H. Shapiro, Office of Immigration Litigation (Frank W. Hunger, Assistant Attorney General and Robert Kendall, Jr., Office of Immigration Litigation, with him on the brief), United States Department of Justice, Washington, D.C., for Respondent.

Before KELLY, BARRETT and HENRY, Circuit Judges.

KELLY, Circuit Judge.

Mr. Nguyen appeals from a decision of the Board of Immigration Appeals ("BIA") to deport him to Vietnam because he had been convicted of an aggravated felony and to deny his requests to apply for asylum, 8 U.S.C. § 1158, and withholding of deportation, 8 U.S.C. § 1253. Mr. Nguyen challenges the BIA's conclusion that his conviction qualified as an aggravated felony, thus making him statutorily ineligible to apply for either asylum or withholding of deportation. We hold that the BIA did not err in finding Mr. Nguyen deportable as an aggravated felon, and thus

ineligible for either asylum or withholding of deportation.  Our jurisdiction arises under 8 U.S.C. § 1105a(a)(1).

## Background

Mr. Nguyen is a native and citizen of Vietnam.  He entered the United States in 1989 and was granted legal permanent resident status a year later.  In 1993, Mr. Nguyen was convicted of aggravated assault in Kansas in violation of Kan. Stat. Ann. § 21-3410.  He was sentenced to prison for a period of "not less than three (3) years nor more than eight (8) years . . . ."  R. at 57. Soon thereafter, the Immigration and Naturalization Service ("INS") charged Mr. Nguyen with deportability under 8 U.S.C. § 1251(a)(2)(A)(i), as an alien convicted of an offense that constitutes both a crime involving moral turpitude and an aggravated felony.

The Immigration Judge ("IJ") found Mr. Nguyen deportable as charged.  The IJ did not discuss the basis for its finding that Mr. Nguyen had committed a crime involving moral turpitude.  The IJ did, however, explain that Mr. Nguyen was deportable under 8 U.S.C. § 1101(a)(43) as an aggravated felon, one convicted of a crime of violence with a term of imprisonment of at least five years.  The IJ held that the legal effect of Mr. Nguyen's indeterminate sentence of three to eight years was the maximum term imposed, eight years.  Moreover, the IJ concluded that Mr. Nguyen's aggravated felony conviction made him ineligible for either asylum or withholding of deportation.  The BIA upheld the IJ's decision.

## Discussion

We review the BIA's findings on questions of law de novo. Kapcia v. INS, 944 F.2d 702, 707 (10th Cir. 1991). Mr. Nguyen contends that the BIA erred by considering him an aggravated felon for purposes of 8 U.S.C. § 1251(a)(2)(A)(iii). According to the statute, an aggravated felon is one convicted of a crime of violence where the "term of imprisonment imposed . . . is at least five years." 8 U.S.C. § 1101(a)(43). Since Mr. Nguyen's prison sentence was three to eight years, he contends that it did not qualify as a sentence of "at least five years."

The BIA measures an indeterminate sentence "by the possible maximum term of imprisonment." Matter of Chen, 10 I & N Dec. 671, 673 (BIA 1964). "Generally, if Congress has not directly addressed the issue, [an] agency possesses broad discretion in administering the law so long as its actions are based on a permissible construction of its enabling statute." Valley Camp of Utah, Inc. v. Babbitt, 24 F.3d 1263, 1267 (10th Cir. 1994) (citing Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)). We find the BIA's interpretation of an indeterminate prison sentence and its application to 8 U.S.C. § 1101(a)(43) to be permissible. See Petsche v. Clingan, 273 F.2d 688, 691 (10th Cir. 1960); Story v. Rives, 97 F.2d 182, 187 (D.C. Cir.), cert. denied, 305 U.S. 595 (1938). This conclusion also accords with the Sentencing Guidelines' rationale that the term "'sentence of imprisonment' . . . refers to the maximum sentence imposed." U.S.S.G. § 4A1.2(b)(1) (the commentary further explains, "in the case of an indeterminate sentence of one to five

-3-

years, the stated maximum is five years . . ."); see,e.g., United States v. Carillo, 991 F.2d 590, 592-93 (9th Cir.), cert. denied, 114 S. Ct. 231 (1993). Accordingly, we hold that the BIA did not err by considering Mr. Nguyen's sentence to be eight years for purposes of defining "aggravated felon."

Since Mr. Nguyen qualifies as an aggravated felon, he is per se barred from applying for asylum. 8 U.S.C. § 1258(d). Mr. Nguyen maintains, however, that his status as an aggravated felon should not bar from receiving withholding of deportation under 8 U.S.C. § 1253(h)(2)(B). To the contrary, this Court has recently made clear that an aggravated felon is conclusively disqualified from withholding of deportation. Nader Ghloum Al-Salehi v. INS, No. 94-9527, 1995 U.S. App. LEXIS 2344, *19 (10th Cir. Jan. 24, 1995).

We need not address the issue of whether Mr. Nguyen was convicted of a crime of moral turpitude, because he is deportable based solely on his status as an aggravated felon.

AFFIRMED.